UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CECIL and PAMELA THOMAS,<br><br>Plaintiffs,<br>v.<br><br>OCWEN LOAN SERVICING, LLC.; DEUTSCH BANK NATIONAL TRUST CO.; QUALITY LOAN SERVICE CORP.,<br><br>Defendants. | Case No. C17-1222RSM<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

THIS MATTER comes before the Court on Plaintiffs' Motion for Temporary Restraining Order. Dkt. #4. Plaintiffs allege that they are the owners of the home and land located at 15844 48th Ave NE, Woodinville, WA 98072. *Id.* Plaintiffs further allege that they completed a Chapter 12 bankruptcy plan that reorganized their mortgage loan, and that following completion of the bankruptcy plan Defendant Ocwen has failed to account for payments, has rejected payments, and has commenced a foreclosure due to Ocwen's own errors. *Id.* Plaintiffs assert that despite the fact that they are current on their loan, Defendants are foreclosing on their home, which is scheduled to take place on August 25, 2017. Dkt. #6 at ¶ 12.

Having considered the Complaint, the Motion for Temporary Restraining Order, the Declaration of counsel, the Declaration of Cecil and Pamela Thomas, and the remainder of the record, the Court hereby finds and ORDERS as follows:

TRO AND ORDER TO SHOW CAUSE - 1

1. A federal court may issue a TRO "with or without written or oral notice to the adverse party" only if "specific facts in the affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the moving party "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b). It appears that Plaintiff has provided Defendants with notice of her motion. Dkt. #85-2. The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

*Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A). The standards for issuing a TRO are similar to those required for a preliminary injunction.

*Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).

2. Plaintiffs have sufficiently demonstrated to the Court that they are entitled to a temporary restraining order ("TRO"), restraining Defendants, and anyone acting in concert with them, from foreclosing on Plaintiffs' real property located at 15844 48th Ave NE, Woodinville, WA 98072, without further Order from this Court.

3. Pursuant to Federal Rule of Civil Procedure 65(b)(1) a temporary restraining order may issue without written or oral notice to the adverse party or his attorney if immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and if the movant's attorney certifies efforts made to give notice and reasons why it should not be required. Plaintiffs' counsel have demonstrated their efforts to give notice to opposing counsel. Further, Plaintiffs have sufficiently demonstrated that if a foreclosure is not immediately restrained, Mr. and Mrs. Thomas will suffer substantial and irreparable injury due to the loss of their family residence, as they have declared that they have no other place to go, and will suffer the loss of their family business which is also located on the property. Dkts. #5 and #6.

4. Under the circumstances of this case, it is proper to issue a temporary restraining order without a prior hearing because the foreclosure will occur before a hearing may be had.

TRO AND ORDER TO SHOW CAUSE - 3

5. The Court finds that Plaintiffs, in their pleadings and accompanying declarations, have sufficiently demonstrated a likelihood of success on the merits to permit this restraining order to issue.

6. As Defendants are unlikely to suffer substantial harm if the foreclosure is immediately restrained until a hearing can be held, the Court finds that the balance of equities in this matter favors Plaintiffs and entitles them to immediate injunctive relief to preserve the status quo pending hearing on a motion for preliminary injunction.

7. This Order shall expire on the date set below for hearing on a Motion for Preliminary Injunction, unless extended for good cause.

8. The matter of any bond shall be reserved until the hearing on a Motion for Preliminary Injunction.

9. The Court will hold a hearing on Plaintiffs' Motion for Preliminary Injunction, on **Friday, September 8, 2017, at 12:00 p.m.**, at which time Defendants will be asked to show cause why a preliminary injunction should not issue.

10. Plaintiffs are responsible for serving a copy of this Order on all Defendants no later than **two business days after the date of this Order**.

DATED this 22 day of August, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

TRO AND ORDER TO SHOW CAUSE - 4