THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CECIL THOMAS; PAMELA THOMAS,<br><br>                    Plaintiffs,<br>vs.<br><br>OCWEN LOAN SERVICING, LLC;<br>DEUTSCHE BANK NATIONAL TRUST<br>CO.; QUALITY LOAN SERVICE CORP.<br>OF WASHINGTON.<br><br>                    Defendants. | Case No. : 2:17-CV-01222-RSM<br><br>DEFENDANT QUALITY LOAN<br>SERVICE CORP. OF<br>WASHINGTON'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>**Note on Motion Calendar:**<br>March 8, 2019<br>Without Oral Argument |

COMES NOW defendant Quality Loan Service Corp. of Washington ("Quality") and moves for summary judgment and dismissal under FRCP 56.

## I.    RELIEF REQUESTED

An order of summary judgment dismissing Quality.

## II.    STATEMENT OF FACTS

On March 6, 2006 Cecil Thomas and Pamela Thomas hereafter ("Plaintiffs") purchased the subject real property of 15550 148th Ave NE Woodinville, WA 98072 a/k/a 15844 148th Ave NE Woodinville, WA 98072 with a $400,000.00 mortgage loan secured by a Deed of Trust. *See*, **DKT #33 Exhibit 2** Herbert-West Decl. **Exhibit A, Exhibit B**. On November 2, 2016 Ocwen Loan Servicing, LLC hereinafter ("Ocwen") issued a notice to Plaintiffs concerning the underlying default on the subject loan totaling $82,530.21 which advised if the account was not brought

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -1-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

current in a timely manner the loan would be referred for foreclosure. *See*, **DKT #33 Exhibit 2** Herbert-West Decl. **Exhibit C**.

On December 15, 2016 Quality received a referral for a non-judicial foreclosure of the Plaintiffs' Deed of Trust from Ocwen to advance a foreclosure on behalf of DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR4, MORTGAGE PASS-THROUGH CERTIFICATES Series 2006-AR4 hereinafter ("Deutsche Bank"). **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 5. The foreclosure referral received by Quality for the subject Deed of Trust included a copy of a recent Demand Letter issued by Ocwen dated November 2, 2016 outlining the basis of the default in support of the foreclosure referral. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 6, *See also,* **DKT #33 Exhibit 2** Herbert-West Decl. **Exhibit C**.

In processing non-judicial foreclosures Quality employees do not have access to Ocwen's accounting system. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 7. Quality is required to communicate with Ocwen primarily through an electronic system called Equator. *Id*. Quality relies on Ocwen to provide the Trustee information related to a subject default associated with a request for foreclosure. *Id*. On December 22, 2016, in support of the referral for non-judicial foreclosure Quality received a Payoff Quote from Ocwen for the Plaintiffs' loan which contained a total amount due of $414,052.43 with a good through date of January 13, 2017. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 8. The Trustee used this information as a basis to confirm the loan was in default and to advance the requested foreclosure. *Id. See also,* **DKT #33 Exhibit 2** Herbert-West Decl. **Exhibit D**.

On January 23, 2017, Ocwen as Attorney in Fact for Deutsche Bank executed a Declaration of Ownership declaring Deutsche Bank to be the actual holder of the Thomas Promissory Note. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 9. *See also*, **DKT #33 Exhibit 2** Herbert-West Decl. **Exhibit E**. The information in the Declaration of Holdership received by Quality was consistent with the information

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -2-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

in the foreclosure referral received by the Trustee from Ocwen. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 9. The following day, on January 24, 2017, Deutsche Bank appointed Quality as Successor Trustee pursuant to an Appointment of Successor Trustee recorded February 3, 2017 in King County under Auditor's File No. 20170203000038 (the "Appointment"). **DKT #33 Exhibit 2** Herbert-West Decl. **Exhibit F**.

In preparing to issue a Notice of Default under RCW 61.24.030(8) Quality received a both a Payoff Quote and Reinstatement Quote from Ocwen on February 16, 2017 for the Plaintiffs' loan. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 11, ¶ 12. *See also,* Herbert-West Decl. **DKT #33 Exhibit 2 Exhibit G**, **Exhibit H**.   The Trustee used this information as a basis to again confirm the loan was in default prior to issuing the underlying Notice of Default. *Id*. On February 21, 2017, Quality caused a Notice of Default to be prepared and mailed pursuant to the Deed of Trust Act. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 13. On April 11, 2017, Quality executed and issued a Notice of Trustee's Sale causing it to be recorded April 11, 2017 in King County under Auditor's File No. 20170411001651. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 14. The Trustee's Sale was noticed to be held August 11, 2017. *Id*.

On May 5, 2017, Quality placed the Plaintiffs' non-judicial foreclosure on an internal hold to review and escalate the issues raised by the borrower's counsel concerning the default to Ocwen. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 15. Quality contacted Ocwen and requested confirmation that the loan was in default. *Id*. On June 5, 2017, Ocwen confirmed the loan remained in default and advised the Trustee to remove their internal hold and to proceed with advancing the non-judicial foreclosure. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 16. The original Trustee's Sale date August 11, 2017 was postponed by Quality on August 10, 2017 for a period of two weeks under an exercise of its discretionary authority pursuant to RCW 61.24.040(10) to allow the Plaintiffs the opportunity to seek an order restraining sale. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 17. On December 4, 2017, Quality

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -3-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

executed and issued a Notice of Discontinuance of Trustee's Sale causing it to be recorded December 4, 2017 in King County under Auditor's File No. 20171204002002. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 18, *See also*, **DKT #33 Exhibit 2** Herbert-West Decl. **Exhibit K**. In the (13) thirteen months since the Trustee's Sale was discontinued by Quality, no Trustee's Sale has been held and no other Notices of Trustee's Sale have been issued and advanced as to the Plaintiffs' subject property 15844 148th Ave NE Woodinville, WA 98072 secured under the Plaintiffs' Deed of Trust by Quality. **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 19. Although this information was both within the public record and included within Quality's Response to Plaintiff's Motion for Summary Judgment *See*, **DKT #33 Exhibit 1** ¶ 18; **Exhibit 2**, **Exhibit K**. Plaintiffs on August 9, 2018 filed within their Amended Complaint allegations that Quality has refused to provide any indication that it would stop the foreclosure sale. **DKT #35** Amended Compl. ¶ 36. At the time of the filing of the Amended Complaint, the Trustee's Sale had been cancelled for over (8) eight months and not actively being advanced by Quality.

For reasons discussed below, there are no genuine issues of material fact in dispute and the Plaintiffs have no claims for relief as against Quality. Quality should be dismissed with prejudice and without leave to amend. In this action, Plaintiffs have brought suit against three Defendants: Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank N.A. ("Deutsche Bank") and Quality Loan Service Corporation of Washington ("Quality"). The suit alleges Quality [the non-judicial foreclosure Trustee under the Thomas Deed of Trust] is a Debt Collector. That as a Debt Collector, Quality violated the Fair Debt Collections Practices Act ("FDCPA"). Additionally the Amended Complaint alleges Quality violated its fiduciary duty owed to the Plaintiffs and also violated the Washington Consumer Protection Act pursuant to RCW 19.86 based upon Plaintiffs' information and belief that the attorneys and employees of Quality have access to Ocwen's accounting system and did not cancel the Trustee's Sale advanced. **DKT #35** Amended Compl. ¶ 33.

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -4-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

The record before this Court indicates that (1) Quality does not have access to Ocwen's accounting system and that Quality was provided information from Ocwen that the subject loan was in default. *See*, **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 7 *See also* **DKT 41** Answer ¶ 33. (2) Quality's actions do not define the Trustee as a Debt Collector for purposes of the FDCPA as Quality's principal business is enforcing security interests only. (3) Quality does not owe a fiduciary duty to the Plaintiffs but by statute expressly owes a duty of good faith to both the Plaintiffs and other Defendants pursuant to RCW 61.24.010(4). (4) Quality based on an existing dispute existing between the parties moved the original sale date under an exercise of its duty of good faith. (5)The Trustee's Sale was discontinued December 4, 2017 and a Trustee's Sale has not be completed or advance since the cancellation of the previously advanced Trustee's Sale. There are no genuine issues of material fact and dismissal of Quality is appropriate as a matter of law

### III.   EVIDENCE RELIED UPON

1.  The Amended Complaint and the undisputed facts this court may take judicial notice of;

2.  Declaration of Sierra Herbert-West with attached exhibits.

3.  Records and files herein.

### IV.   LEGAL AUTHORITY

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Here, summary judgment is appropriate in favor of Quality.  There are no genuine issues of material fact in dispute and the Plaintiffs have no claims for relief as against Quality, therefore Quality should be dismissed with prejudice.

/ / /

/ / /

/ / /

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -5-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of  WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

## V.    ARGUMENT

### A.    QUALITY IS NOT A DEBT COLLECTOR, 15 U.S.C. § 1692A(6)(F) EXCLUDES FROM THE TERM "DEBT COLLECTOR" AN ENTITY WHOSE ACTIVITIES ARE "INCIDENTAL TO A BONA FIDE ESCROW ARRANGEMENT."

As to the allegation Quality is a "debt collector" under established Ninth Circuit case law Quality does not fall under the FDCAP's general definition of a "debt collector," as the FDCPA imposes liability only when an entity is attempting to collect debt. For the purposes of the FDCPA, the word 'debt' is synonymous with 'money.'" *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016) (citing 15 U.S.C. §§ 1692a(5), 1692(e)). The object of foreclosure, however, is to retake and resell a security, not to collect money. *Id.* Indeed, "'foreclosing on a deed of trust is an entirely different path' than 'collecting funds from a debtor.'" *Id.* at 621 (quoting *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)). Thus, the FDCPA applies to foreclosure activities only through the limited provisions of Section 1692f(6). *See Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 990 (9th Cir. 2017) ("[W]here an entity is engaged solely in the enforcement of a security interest and not in debt collection . . . it is subject only to § 1692f(6) rather than the full scope of the FDCPA."). Section 1692f(6) prohibits, in pertinent part, the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A); *see Ho*, 840 F.3d at 622.

Plaintiffs' FDCPA claim against Quality is based on Quality's purported conduct in commencing and refusing to cancel the previously advanced Thomas non-judicial foreclosure under 15 U.S.C. § 1692k. **DKT 35** Amended Compl. ¶ 44, ¶ 45. Section 15 U.S.C. § 1692k does not apply to Quality as Quality is not a Debt Collector as Quality's principal business is enforcing security interests only. Plaintiffs' FDCPA claim is based upon Plaintiffs' information and belief that the

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -6-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

attorneys and employees of Quality have access to Ocwen's accounting system. **DKT 35** Amended Compl. ¶ 33. Quality does not. The record before this Court indicates that this and other allegations concerning Quality are without merit. As to this subject property, a Trustee's Sale has not be held and is not currently being advanced. Upon receiving a notice of dispute Quality placed its file on an internal hold and contacted the loan servicer to confirm the default status. The record indicates, Quality had sufficient evidence and information at the time the previous nonjudicial foreclosure was advanced to indicate Ocwen and Deutsch Bank had a present right to possession of the property claimed as collateral through an enforceable security interest.

Quality employees do not have access to Ocwen's accounting system. For Quality to obtain information on a subject loan Quality must communicate with Ocwen and relies on Ocwen to provide the Trustee information related to a subject default associated with a request for foreclosure. *See*, **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 7 *See also* **DKT #30** ¶ 27, **DKT #41** ¶ 33. Also both before and during the advancement of the Plaintiffs' foreclosure, Quality received information from Ocwen that the Plaintiffs' loan was in default. *See*, **DKT #33 Exhibit 2** Herbert-West Decl. Ex. C., Ex. D., Ex. G., Ex. H. *See also* **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 16. The Plaintiffs' own declaration supports the Trustee's position in that Plaintiffs allege at or around May of 2014 when Ocwen began servicing the Plaintiffs' loan, Ocwen alleged the loan was in default. In addition although Plaintiffs do not provide a date, Plaintiffs allege Ocwen rejected the payments tendered and returned those payments to the Plaintiffs. *See* **DKT #6** Thomas Decl. ¶ 9, 10, 11, 15. The allegation that Ocwen had declared the Plaintiffs in default and had first began refusing the payments tendered by Plaintiffs appears to begin (31) thirty one months prior to Ocwen's referral to Quality to advance a non-judicial foreclosure December 15, 2016. *See* **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 5. In addition, the Trustee's Sale advanced by Quality was discontinued December 4, 2017 and to date a Trustee's Sale has not been held by Quality concerning the subject property 15844 148th Ave

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -7-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

NE Woodinville, WA 98072. *See*, **DKT #33 Exhibit 2** Herbert-West Decl. Ex. K. *See also* **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 19.

The record before this Court provides Quality had evidence and information at the time the nonjudicial foreclosure was advanced to indicate to Quality that Ocwen and Deutsch Bank *had* a present right to possession of the property claimed as collateral through an enforceable security interest. In the alternative, even in the event Quality is to be considered a "debt collector" based on Ocwen and Deutsch Bank *not* (potentially) having a present right to possession of the property claimed as collateral through an enforceable security interest, Quality would still be exempt under one of the FDCPA's express exceptions to that definition. As the FDCPA excludes from the term "debt collector" an entity whose activities are "incidental to . . . a bona fide escrow arrangement." 15 U.S.C. § 1692a(6)(F). As in *Ho v. Recontrust Co.*, NA, 858 F.3d 568, 574-75 (9th Cir. 2017) a Washington mortgage trustee— holds legal title on behalf of the borrower and lender—functions as an escrow. Under established Ninth Circuit law even if Quality's activities could be characterized as collection, they are "incidental to" the escrow arrangement because they are for the sole benefit of the lender. *See Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1034-35 (9th Cir. 2009) (construing "incidental to"). *See Vien-Phuong Thi Ho v. Recontrust Co., NA*, 858 F.3d 568, 574-75 (9th Cir. 2017).

There are no genuine issues of material fact in dispute and the Plaintiffs have no claims for relief as against Quality under the FDCPA specifically Section 15 U.S.C. § 1692k. The FDCPA cause of action pled against Quality fails under application of the law and should be dismissed with prejudice.

**B.**   **IN WASHINGTON THE DEED OF TRUST TRUSTEE DOES NOT HAVE A FIDUCIARY DUTY TO ANY PARTY.**

In Washington, the non-judicial foreclosure Trustee owes a duty of good faith to the borrower, beneficiary, and grantor under a Deed of Trust. RCW 61.24.010(4). Under Washington Law the Trustee *does not have* a fiduciary duty to any party. Plaintiffs in support of their allegation that Quality breached its fiduciary duty owed

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -8-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

by wrongfully commencing the foreclosure process, allege based on information and belief (only) that the attorneys and employees of Quality have access to Ocwen's accounting system. **DKT 35** Amended Compl. ¶ 33. This allegation is without merit. Even if this fact was dispute (which it is not) Washington Law prohibits pre-sale damages claims under the Deed of Trust Act ("DTA") which includes a breach of the Trustee's duty of good faith under RCW 61.24.010(4); "[T]here is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a complete foreclosure sale." *Frias v. Asset Foreclosure Servs.*, Inc., 181 Wn.2d 412, 429 (2014). Here there has been no completed Trustee's Sale, therefore there is not an actionable or independent cause of action for monetary damages under the DTA.

For this Court to find that Plaintiffs were owed a fiduciary duty by Quality and are entitled to pursue a cause of action for DTA violations based on the action of a Trustee absent a completed foreclosure sale, this Court would be setting new precedent in direct conflict with established Washington State Supreme Court jurisprudence. The record indicates that Quality does not have access to Ocwen's accounting system and that Quality was provided information from Ocwen that the subject loan was in default. *See*, **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 7. Moreover, Plaintiffs' allege Quality failed to comply with its duty of good faith and "simply chose to ignore Plaintiffs' pleas and refused to provide any indicating that it would stop the foreclosure." This allegation is also not supported by the record in this case and is without merit. As to this non-judicial previously advanced, Quality placed the non-judicial foreclosure advanced on hold May 5, 2017 to review and escalate the issues raised concerning the Plaintiffs' default. *See* **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 15. Quality received confirmation from Ocwen that the loan remained in default and was requested by Ocwen to proceed with the Plaintiffs' non-judicial foreclosure action after receiving confirmation the loan remained in default. *See* **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 16.

As stated above, the Trustee's Sale for this matter was cancelled December 4,

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -9-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of  WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

2017 with Quality having recorded a Notice of Discontinuance. *See* **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 19. *See also*, **DKT #33 Exhibit 2** Herbert-West Decl. Ex. K. Here, the record reflects that the Trustee conducted a due diligence review and requested confirmation from Ocwen to confirm the default before continuing to advance the previously noted subject non-judicial foreclosure. The Trustee attempted to determine the status of the default and received conflicting information from the parties to whom the Trustee owed a duty of good faith to both. As a result of the existence of this dispute, the Trustee's Sale that was originally scheduled to be held August 11, 2017 was postponed by the Trustee on August 10, 2017 for a period of two weeks under an exercise of the Trustee's Duty of Good Faith and Trustee's discretionary authority pursuant to RCW 61.24.040(10) to allow the Plaintiffs the opportunity to seek an order restraining sale. *See* **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 17. As of the date of this pleading there has been no Trustee's Sale held by Quality as to the subject property 15844 148th Ave NE Woodinville, WA 98072. *See* **DKT #33 Exhibit 1** Herbert-West Decl. ¶ 19.

There are no genuine issues of material fact in dispute and the Plaintiffs have no claims for relief as against Quality under a theory Quality violated its duty owed to the Plaintiffs. Under Washington Law Quality does not owe a fiduciary duty to any party. This breach of Fiduciary Duty cause of action pled against Quality fails under application of the law and should be dismissed with prejudice.

E.   **PLAINTIFFS' CPA CLAIM FAILS AS A MATTER OF LAW.**

Plaintiffs allege that "[e]ach defendant's conduct is a per se violation of the Consumer Protection Act and also constitutes unfair and deceptive practices in violation of RCW 19.86." DKT 35 Amended Compl. ¶ 57. Plaintiffs appear to assert that all of the defendants, without differentiation, violated the CPA in connection with trying to foreclose on the Deed of Trust. The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. In order to prove a CPA claim, a private plaintiff must plead and present evidence of (1) an unfair or deceptive act or practice, (2)

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -10-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

occurring in trade or commerce, (3) that impacts the public interest, (4) injury to plaintiff's business or property, and (5) which injury is causally related to unfair or deceptive act. *First State Ins. Co. v. Kemper Nat'l Ins. Co.*, 94 Wash. App. 602, 608-09 (1999); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986). Failure to meet any one of these elements under the CPA is fatal to the claim and requires dismissal. *Sorrel v. Eagle Healthcare*, 110 Wash. App. 290, 298 (2002). Technical violations of the DTA do not constitute unfair or deceptive acts or practices actionable under the CPA absent a showing of materiality or prejudice. *Meyer v. U.S. Bank N.A., 2015 U.S. Dist*. LEXIS 77235, 6-7 (W.D. Wash. June 9, 2015).

Plaintiffs' Complaint lacks allegations of an "unfair or deceptive act or practice" and for this basis alone requires the instant motion for summary judgment to be denied. To establish this first CPA element, a plaintiff must allege an unfair or deceptive act or practice that actually deceived or had "the capacity to deceive a substantial portion of the public." *Hangman Ridge*, 105 Wash. 2d at 785. The CPA does not define the term "deceptive," but implicit in that term is "the understanding that the actor misrepresented something of material importance." *Hiner v. Bridgestone/Firestone, Inc.,* 91 Wash. App. 722, 730 (1998).

In this case the Complaint lacks any allegation that Quality engaged in a deceptive act or practice that could possibly amount to material misrepresentations. At best, Plaintiffs allege Quality had access to Ocwen's accounting system and therefore should have been able alone and without assistance from Ocwen to rectify or verify the status of the default. Quality has provided evidence they do not have this access. Moreover that the Trustee has provided evidence when presented with the opportunity it escalated Plaintiffs' accounting issue to Ocwen to confirm the status of the default before proceeding with the previously scheduled Trustee's Sale. Plaintiffs have made no allegations that they have been deceived by the actions of Quality.

Second, the Complaint fails to allege any conduct by Quality that impacts the

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -11-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

public interest—the second required element of a CPA claim. Every private plaintiff asserting a CPA claim must show that the acts complained of affect the public interest, which fulfills the legislative statement of purpose, that the Act "shall not be construed to prohibit acts or practices which . . . are not injurious to the public interest." *Hangman Ridge*, 105 Wash. 2d at 788. The factors to be considered when evaluating this element depend upon the context in which the alleged acts were committed. *Id.* at 789-790. Where, such as here, the acts complained of involve a consumer transaction, the following five factors are relevant:

(1) Were the alleged acts committed in the course of defendant's business?

(2) Are the acts part of a pattern or generalized course of conduct?

(3) Were repeated acts committed prior to the act involving plaintiff?

(4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff?

(5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it? *Id.* at 790.

Considering these factors and the allegations in the Amended Complaint, Plaintiffs have failed to plead facts necessary to meet this element as to Quality. There are no allegations that the purported conduct of Quality is part of a pattern of conduct; that there were repeated acts prior to the allegations concerning Plaintiffs; that there is risk of repeat; or that many consumers were affected. Indeed, the sparse allegations involving Quality do not even establish a violation of any state or federal laws as noted above. Plaintiffs' mortgage loan was a private transaction, and the Complaint fails to include sufficient allegations meeting the public interest element of a CPA claim.

Finally, the Amended Complaint does not include sufficient facts to establish causation based on the action of Quality. Causation requires at least some credible allegations of a causal link between the alleged misrepresentation and the purported injury. *See Indoor Billboard v. Integra Telecom*, 162 Wash. 2d 59, 63 (2007). In *Indoor Billboard*, the Washington Supreme Court adopted the proximate cause

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -12-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of  WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862

standard embodied in WPI 15.01 for CPA claims, which requires a plaintiff to establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury. *Id.*

Here, the Complaint lacks any allegations against Quality that might establish this necessary element as Plaintiffs have plead no alleged acts deceptive act or practice conducted by Quality that could possibly amount to material misrepresentations for which Plaintiffs can a purported injury. There are no genuine issues of material fact in dispute and the Plaintiffs have no claims for relief as against Quality under the CPA. The CPA cause of action pled against Quality fails under application of the law and should be dismissed with prejudice.

## VI. CONCLUSION

The record before this Court indicates that Quality advanced the subject foreclosure pursuant to the information provided by the loan servicer and note holder, when the trustee was presented the opportunity to conduct a review it did so and also postponed the original Trustee's Sale to allow the Plaintiffs to seek all available remedies, and no Trustee's Sale has been held. For the above outlined reasons contained in Quality motion for summary judgment Quality requests the causes of actions plead against Quality in Plaintiffs Amended Complaint be dismissed as there are no genuine issues of material facts in dispute and dismissal of Quality is appropriate as a matter of law

Dated: February 5, 2019

*/s/ Robert William McDonald*
Robert William McDonald, WSBA #43842
Attorney for Quality Loan Service Corp. of Washington

QUALITY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Page -13-
QWA# WA-17-803450-CV

Quality Loan Service Corp. of WA
108 1st Ave S, Ste 202
Seattle, WA 98104
(206) 596-4862